AMERICAN CABLE RY. CO. *v.* CITIZENS' RY. CO. *et al.*

*(Circuit Court, E. D. Missouri, E. D.  January 3, 1891.)*

PATENTS FOR INVENTIONS—EQUITY JURISDICTION—DAMAGES.

A bill for infringement filed on the day before complainant's patent expires, and which asks no injunction or other special form of equitable relief, is obviously intended to obtain damages and profits only, and cannot be maintained, since the proper remedy is at law.

In Equity.

*Samuel N. Holliday* and *Henry L. Dawes, Jr.*, for complainant.
*Frank, Dawson & Garvin*, for defendants.

THAYER, J., *(orally.)*  The bill in this case was filed September 30, 1889, the day before the patent in suit expired; it having been issued October 1, 1872.  The bill made no case for an injunction *pendente lite*, as the patent would expire on the day after it was filed; nor was one applied for.  It was obviously filed to obtain a decree for damages and profits only.  The demurrer must be sustained, following the rule announced in *Root* v. *Railway Co.*, 105 U. S. 189, that equity only takes jurisdiction of suits for infringement when the bill shows that complainant is or may be entitled to an injunction, or some other special form of equitable relief.  In the case at bar it is apparent that complainant was not entitled, when the complaint was filed, to any species of equitable relief.  Its remedy was solely at law.  Judge BLODGETT has adopted the same view in the case of *American C. Ry. Co.* v. *Chicago C. Ry. Co.*, 41 Fed. Rep. 522, and this court had occasion to consider and decide a kindred question in *Washburn, etc., Manuf'g Co.* v. *Freeman Wire Co.*, Id. 410.

The demurrer is sustained, and the bill dismissed.